UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

matthew W. Fluty
PLAINTIFF,

CIVIL RIGHTS COMPLAINT PURSUANT 42 U.S.C. 1983

-AGAINST-

UNITED STATES DISTRICT COURT FILED DEC 22 2025 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

CASE NO. -CV-

25 CV 1446

Commissioner of Mental Health, for The New York State Department of Corrections of Comunity of Supervision,
Jane Doe or John Doe,
In His or Her individual and official Capacities,

Attica Correctional Facility
Mental Prodiver - Jane doe, In Her individual Capacities,

GreenHaven Correctional Facility Officers, #(1-4) In There Individual Capacities,

Coxsackie Correctional Facility - employees Superintendent, Area S.g.T.'s, Correctional Officers - Working Location, In There Individual Capacities,

Jurisdiction and Venue

Jury Trial DemanDeD: Yes

-. This is an Action of Civil, Seeking relief and/or damages To Defend and protect the rights guaranteed by the Constitution of the United States. This Action is brought pursuant to 42 U.S.C. §§ 1983, along with 12101-200. This Court has Jurisdiction Over the Action Pursuant to 28 U.S.C. §§ 1331, 1343, (3) (4) and 2201.

# Parties To This Action:

2. Plaintiff's Information;
name Matthew W. Fluty ; DIN# 23B4874
Present Place of Incarceration:
Attica Correctional Facility
639 Exchange Street
Attica, New York, 14011-0149

3. Defendant's Information; Commissioner of Mental Health
Defendant No. 1
Official Position: Commissioner
Address: unknown

4. Defendant No. 2: Mental Provider-Jane doe
Official Position: mental Provider
Address: unknown

5. Defendants Information No. 1-4 Correctional Officers-John doe's
Official Positions Correctional Officers
Address GreenHaven C.F.

---

6. Defendants Information-Coxsackie Correctional Facility Employees
Address Coxsackie C.F.
Superintendent-Jane doe, Area S.g.T.'s, Correctional Officers
Working Location

## Statement of Facts Relevant To The Action Herein:

The challenged Conduct was Attributable to a Person Acting Under color Of state Law And that Such Conduct Deprived Him of rights, privileges, or immunities Secured by The Constitution of Laws of the United States.

1. While at Coxsackie Correctional in the year of 2024, I went on a Hunger Strike For 22 days due to being denied my Mental Health "Prescibe Medication, And they told me, they don't prescibe that medication.

2. I was at Coxsackie C.F. from about February 11th to may 1st Basically "75 days, with a Single pair of Clothes with No Change of clothes, to wash, on Top of a Continuous Unlawful Keeplock order And Cold showers, with black mold in the Shower. I was Also Accused of starting a fire In protested of the strike where a C.O. Sprayed all of the Cells with a High pressure fire Hose, it was Reviewed it was obviously not me And the charges were Dropped.

3. In November 2023, I Arrived at GreenHaven C.F. For processing after RCJ and "4" Officers, Cleared the bull pen And their Leader Said "So you try to Kill Cops, And Slapped me unprovoked in the Mouth twice, told me to take a Shower, And Kicked me In my Ass on the way to the shower where they all took turns taking shots at my Body for around ten Minutes, And OSI is Currently Investigating Assault.

.. While at a Mental Health unit, I Complied to all their Comands and was still Pepper Sprayed hand Cuffed and beaten before Leaving The Cell, I was taken to their SHU a De Contaminated Shower filled with black mold, where I was Assaulted again by a C.O. Name Biette who bashed my Head Against the steel Shower while Being Cuffed, until other officers pulled to Correctional Officer off of me.

5. The Same C.O. and Five other Officers, stripped me Naked and "mock Sexually, Assaulted me After I went before the Judge For my New Case. From January - March of 2023, I was Assaulted, Pepper Sprayed and tazered For any reason, they Could make up until I Climbed a fence in protest and Sent to Central marcy, which I was Also "Abused" at and Sent back until I pleaded guity to get out of the eight months, of "Isolation".

6. I was denied Mental Health medication Called "Provigil 100mg" That had been already Proscribed For me while in County Custody and Once moved to State Custody My Mental Health Medication was denied by these state employees, without Medical Justification For the denial and Allowed me to Suffer knowing That I was in need of my Medication, And being fully aware of the need for this Mental Health Medication through Mental Health Documentations From my Mental Health records, but still these state employees denied me proper Mental Health treatment, while I Suffered day after day without my Medication. I talked with Nurse's Concerning the need for my meds, I talked with "Oelo slaven who was with a

Ms. Marscello who is the Assistant Commissioner for HealtH Services For "Nys" Dept. of Corrections, who not only gave me Her word they would fill my Script but Also gave me A Hair tye, because my Hair Hasn't been "cut" Since Doccs sHaved my Head at Green Haven C.F. I Asked Her To call "OSI" and Have this Documented.

1. Me Not Having this Medication was A Critical factor to what Happen AT RCJ, Denying me Care, I was told Coxsackie C.F. won't fill the Script because Attica C.F. didn't because RCJ, gave it to me in 2022 But changed it in 2023 and no Amount of grievance's did any Thing before or After January 4th of 2023.

3. Everytime I've went to A Mental HealtH Call Out Herein Attica C.F. The Mental HealtH providers Deny my Request Saying they don't Prescribe "Provigil Medication" which is a Handicap to my efforts to explain my Situation ontop of the "Anxiety Disorder" And my "PTSD" I was put in "RCJ" where Isolation further eroded my Mental HealtH, What Happen at "RCJ" the first time they put me in RHU, was illegal by the Second time I Spent there but they pretended I was A Threat to staff Safety because Putting me in Adminstration Aseg without Cause, while I was on a Mental HealtH unit not getting my Correct Medication And being Denied my tablet to talk to my family About the Situation with Officer Biette, SHoving me into Co. Tracy Created So MucH Anxiety Attack Because I wasn't Allowed my Medication. This Has been going on for over a year denying my Mental HealtH Medication by state employees.

Statement of Claims Relevant To: THE Complaint The Action Herein:

42 U.S.C.A. § 1983 To obtain relief from Deprivation of U.S. Constitutions 8th AND 14th Amendments.

9. The United states Constitution, along with New York states Article(s), Federal and State Laws And statutes, to protect citizens Against, Deprivations of Government Arbitrary Powers of unfair and unlawful Treatment, to equal AND Civil rights, were Violated, when The Commissionee of Mental Health, For The New York state Department of Corrections of Comunity of Supervision, Jane Doe or John Doe, Upon The plaintiff Coming in state Custody was provided with County Jail, Mental Health records Concerning The plaintiff Mental Health status and what Medications The plaintiff was reciving while in County Custody, And denied The plaintiff proper Mental Health Care Delibrately, in Violation of the plaintiff Constitutional Rights. See.. Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002)

10. Attica Correctional Facility Mental Health provider Denied the plaintiff His proscribed Mental Health Medication Herein Attica C.F. In denying proper Mental Health Care, This Defendant was fully aware of my proscribe Medication because of Mental Health records. See.. Rasheen v. Adner, 356 F. Supp. 3d 222, 240 (N.D.N.Y. 2019).

..IN November of 2023 I Arrived at GreenHaven Correctional Facility For processing After RCJ, And Four Officers Cleared The Bull Pen And their Leader Said "So you tried Killing Cops" And slapped me unprovoked in the Mouth twice, told me to take a Shower, Kicked me In my Ass on the way to the Shower Where they all took turns taking shots at my body For Around ten Minutes. OSI is Currently Investigating This Assault From Correctional Officers. IN excessive Force Case's, "Wanton Conduct" involves force that is Applied "Maliciously and Sadistically to Cause Harm" As Opposed to force that is "Applied in a good-faith effort to Maintain or restore discipline" This Act by The defendants was Intentional, to Cause injury To the plaintiff. See.. Griffin v. Cripper, 193 F.3d 89, 91 (2d cir. 1999).

2. The plaintiff while Housed at Coxsackie Correctional Facility From February 11th To May 1st. Basically "75" Days, with a Single pair of clothes, with no change of clothes to wash Then while Key Locked in a cell, I was Ordered to take "Cold showers in a Shower Area Full of "Black Mold". These State officials, Caused Intentional Harm, To the plaintiff In Being Delibrate Indifferent, To the plaintiff wellbeing. See.. Rhodes v. Chapman, 452 U.S. 337, 344-45, 101 S.Ct. 2392, 69 L.ed. 2d 59 (1981).

13. The present Case, Plaintiff was deprived of United states Constitutional Equal and civil Rights, and privileges, To Adequate medical, Adequate Mental Health treatment When The Plaintiff Sought Mental Health Car...

from state Officials at all Correctional Facility where the Plaintiff was in The Care and Custody of the state, all Defendants was Delibrate Indifferent to the plaintiff Mental Health Care.

---

POINT 2:

DEPRIVATION OF THE EIGTH AMENDMENT THROUGH THAT OF THE FOURTEENTH AMENDMENT

---

4. The United states Eigth And Fourteenth Amendment (AMEND) As well as New York ArTicle and Sections, which All states within The jurisdiction of the United states and its Laws, Are Bound to follow, was deprived, As the 14th Amendment States: All Persons born or Naturalized in the United states Subject to the jurisdiction thereof, Are Citizens of the United states and of the state wherein they reside, No state Shall make or enforce Any Law which shall abridge the Privileges or immunities of citizens of the United states: Nor shall any state deprived and Person of Life, Liberty or Property without due process of Law: Nor deny to any Person within its jurisdiction the Equal Protection of The Law.

15. The United states Supreme Court has held that the due Process clause's Protection of Liberty includes Certain Privacy related interests, including the individual interest In avoiding Disclosure of personal matters [adequate Mental Health treatment and care]. When the plaintiff Sought

mergency Mental Health treatment, at State Correctional Facilities, [All state Officials] Denied Mental Health care For a proscribed Mental Health Medication that the Plaintiff was All ready recieving in the County Jail, And these State Officials was Delibrate Indifferent to my Mental Health treatment in "stoping" my Medication without Justification. See.. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1977), The Supreme Court ruled that "Delibrate Indifference to serious Medical needs of prisoners Constitutes the unnecessary and wanton infliction of pain, ... proscribed by the 8th Amendment," Also See.... Zimmerman v. Burge, 9:06-cv-0176 (GLS/GHL), 2009 WL 3111429,

16. The due process clause of the 14th Amendment Has two (2) Functions First it protects the plaintiff against Arbitrary And unfair treatment by state officials. This aspect of the 14th Amendment is known as Substantive Due Process. Substantive Due process rights were violated, when the "Commissioner of Mental Health for The New York state Department of Corrections of Community of Supervision"; Jane doe or John doe, Allowed the Plaintiff's Serious Mental Health Condition to go untreated while being aware of the Suffering being experienced, because the plaintiff while in the County jail was recieving this "proscribed Mental Health" Medication" Provigil 100 mg". See, e.g., Brown v. White, 9:08-cv-200 (GLS\ATB), 2010 WL 985184.

1. The Second function of the Due process Clause is to ensure that the Plaintiff is and was not Deprived of Life, Liberty or property Without due process: of the Law; This aspect of the 14th Amendment is Known as Procedural due process. The plaintiff under this Clause Has met three requirements of a 14th Amendment Violation: First, the plaintiff was Deprived of his Liberty and adequate Mental Health treatment and care, interest when Attica C.F. Mental Health Provider Denied the plaintiff of his "proscribed" Mental Health Medication. This Left the plaintiff to Suffer in His Condition without, the proper "Mental Health medication" For His Condition.

18. The Second requirement For procedural due process claim is that the Correctional Offices, From Green Haven Correctional Facility (#1-4) "Assaulted me" while I was not recieving my Mental Health Medication, and it mess up my "mine" to be "Assaulted" for No reason and not being able to recieve my Mental Health meds and Leaving me to Suffer in my Condition Delibratly.

19. Coxsackie C.F., - employees, Keep me in a Cell For "75 days" With Only One pair of Clothes, and only allowed to shower in Cold water in a shower area fulled with "Black mold" was not allowed to See Medical or Mental Health, Concerning my Conditions do to my Confinement, while at Coxsackie C.F. These state employees, was Delibrate Indifferent to my Mental Health and Medical Condition, in allowing the Suffering of the Plaintiff.

POINT 3:

## DEPRIVATION OF ADEQUARE MEDICAL CARE AND ADEQUARE MENTAL HEALTH TREATMENT DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

20. Since prisoners cannot obtain their own medical Services, The Constitution requires prison Authorities, to provide Them with "Reasonable Adequate Medical care And treatment" Courts Have defined "Adequate" medical Services As "Services At a Level reasonably Commensurate with Modern Medical Science And of a quality Acceptable with prudent professional standards", And at a Level of Health Services reasonably Designed to meet routine And emergency medical, Dental And "Psychological or Psychiatric Care. See.. Tillery v. Owens, 719 F. Supp. at 1301, Accord, Ramus v. Lamm, 639 F. 2d 559, 574 (10th Cir. 1987).

21. The Supreme Court has stated that Delibrate indifference to serious medical needs of a prisoner Constitutes the unnessary And wanton infliction of pain ... proscribed by the 8th Amendment as Follows:

Excessive bail shall not be required, Nor excessive fines imposed, Nor cruel And unusual punishments inflicted. Court Have also Appled the Delibrate Indifference standard to pre-Trial Detainees Under the Due Process clause.

2 - Defendant(s) [Commissioner of Mental Health for The New York state Department of Corrections, Attica C.F. Mental Health provider, GreenHaven C.F, Correctional Officials, Coxsackie C.F.- employees, Allowed the plaintiff to Suffer inflicting for years, in Violation of (Docs), Policy's Concerning Mental Health Medications. All Defendant(s) were Delibrately indifferent to the plaintiff's Serious Medical needs and Severe Conditions/need for treatment even given that all these Defendants were fully aware, because All Facilities "State Facilities For Doccs" was provided with Mental Health records for the "County Jail" showing I was recieving This Mental Health Medication.

23. Court(s) Have Held that repeated examples of Negligence and Negligent Acts, which Disclose a pattern of Conduct by the Prison Medical staff may add up to Delibrate indifference. See Langley v. Coughlin, 715 F. Supp. 552, 541 (S.D.N.Y. 1988).

24. As One Court has held: Delibrate indifference can be proved by Showing a prison officials Mental state ... but Delibrate indifference is also a standard for Measuring, the adequaty of Prison officials Responses to the Known Medical needs of incarcerated individuals to make there needs "Known".

25. Plaintiff filed multiple grievances Concerning the need For his Mental Health Medication, And still is being Denied of his Mental Health Medication.

POINT 4:

26. Delibrate indifference to serious Mental Health need, the plaintiff Has Been on Mental Health Medications And recieving Mental Health treatment for "years" The plaintiff's Mental Health Conditions And treatments Are in his Medical / mental Health records showing His Condition. The plaintiff's Depression worsened without His "proscribed" Mental Health Medication.

STATEMENT OF CAUSE OF ACTION RELEVANT TO THE ACTION HEREIN:

FIRST CAUSE OF ACTION:
DEPRIVATION OF U.S. 8th AND 14th Amendment

27. Commissioner of Mental Health for New York state Dept. of Corrections, Personal Denied the plaintiff His proscribed Mental Health Medication, because the Commissioner "recieved" The plaintiff mental Health records, upon Coming in state Custody.

28. Attica C.F., Mental Health provider Denied the of his "proscribed" Mental Health, while in the Custody of Attica C.F. Delibrately And Knowing the plaintiff was recieving this Medication in the "County Jail" And this provider Having the County records And still Denied me of my Mental Health medication in violating The plaintiff's Constitutional Rights.

Second Cause of Action:

Delibrate Indifference To Serious Medical Need

29. GreenHaven C.F., Assaulted the plaintiff, "four Deep" this was A "Gang Assault" by These Correctional Officers, And to "Coverup" The Assault up I was Denied Proper Medical care, I am Suffering in pain to this very day. due to not being Medically Treated. the "Assault" has worsen my Mental Health, because I am still worried about, Correctional Officers Assaulting me Again, So I stay in my "cell" all Day not to be around "NewYork state Correctional Officers" They are "Killing" the inmates.

30. Coxsackie C.F., Employees, was Delibrate Indifferent in violating The plaintiff's Constitutional Rights due To His Conditions of His Confinement, In allowing The plaintiff to Have "one pair of Clothes to wear For "75 days" And making the plaintiff Shower in "cold water" in a shower Area Full of "BLACK MOLD" In Causing the plaintiff Health problems. All these Defendants were Delibrate Indifference to the plaintiff Conditions of Confinement In Allowing for the Suffering To A "Mental Health incarcerated Individual".

PLEADING OR Relief Sought By The PLAINTIFF:

31. PLAINTIFF, Seeks A jury Trial for punitive damages, Declartory And Monetary Relief in the Amount of: $3,000,000.00, From The Commissioner of Mental Health for The State of New York For the Delibrate Indifference to the plaintiff's Serious Mental Health.

32. Plaintiff, Seeks A jury Trial for punitive damages, Declartory and monetary Relief in the Amount of: $2,000,000.00, From Attica C.F., Mental Health provider, who was in the Custody of The plaintiff's mental Health records showing that The plaintiff was "proscribed Mental Health Medication And Denied the Plaintiff of this Mental Health without Medical "Justification".

33. Plaintiff, seeks a jury Trial for punitive damages, Declartory And Monetary Relief, in the Amount of: 10,000.000.00, From the Green Haven C.F., Correctional Officers, For the "Gang Assault" And denying the Medical treatment for injuries, Caused by These Defendants.

34. Plaintiff Seeks, A jury Trial for punitive damages, Declartory, And monetary Relief, in the Amount of: 10,000,000.00, From the Coxsackie C.F. employees, For The Delibrate Indifference To the Plaintiff's Conditions of Confinement.

Signed: Matthew W. Fluty, Day of September 11, 20 25,

I, MATTHEW FLUTY, Declare Under the Penalty of Perjury, 28 U.S.C. § 1746, Duncan v. Foti, 828 F.2d 297, that the above written Complaint is true and Correct.

Date: Attica, New York
September 11, 2025

Pro-se Plaintiff
Matthew Fluty
DIN# 23B4874
Attica Correctional Facility
639 Exchange Street
Attica, New York 14011-0149

# Affidavit

**State of New York}**
**County of Wyoming}**

Matthew William Fluty being duly sworn, says that:

This Affidavit Backs, my Emergency Injunction Motion Concerning My Mental Health Conditions, And the Need for my "proscribed" Mental Health Called "Provigil 100mg" that was Ordered by An "Outside Doctor" To treat my Mental Health Condition properly. This Affidavit is my truthed, My Medication was Stoped by State Officials, without Any Medical Justification.

CC: Filed: Western District Clerk For Judges review.
CC. Filed: New York state Attorney General.
CC. Filed: The Commissioner of Mental Health For New York state Department of Corrections And Community Supervision.

Sworn to me, this ____day }

Of ______________, 20__ }

Notary Public

Matthew W. Fluty
Affiant Signature